IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-cv-00134-FDW-DSC

| | |
|---|---|
| BIGELOW CORPORATION AND SARAH BIGELOW,<br>**Plaintiffs**<br><br>v.<br><br>HOUNDS TOWN USA, LLC AND ELEVATE DESIGN AND BUILD, LLC<br>**Defendants** | **AMENDED COMPLAINT** |

**NOW COMES** Plaintiffs, by and through counsel, and pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, hereby amend their Complaint as a matter of course, and says and alleges as follows:

## PARTIES

1. Plaintiff Bigelow Corporation ("Bigelow Corp") is a corporation organized and existing under and by virtue of the laws of the state of North Carolina, with its principal place of business in Mecklenburg County, North Carolina.

2. Plaintiff Sarah Bigelow is a citizen and residents of Mecklenburg County, North Carolina.

3. Defendant Hounds Town USA, LLC ("HTU"), is a limited liability company organized and existing under and by virtue of the laws of the state of Florida, with its principal place of business in Orange County, Florida.

4. Defendant Elevate Design and Build, LLC, is a limited liability company organized and existing under and by virtue of the laws of the state of North Carolina, with its principal place of business in Durham, North Carolina.

## JURISDICTION AND VENUE

5. Jurisdiction lies in the Superior Court Division of Union County pursuant to N.C Gen. Stat. § § 7A-240, 243.

6. The Superior Court Division of Union County has personal jurisdiction over the Defendants pursuant to N.C. Gen. Stat. § 1-75.4.

7. Venue lies in the Superior Court Division of Union County pursuant to N.C. Gen. Stat. § 1-82.

## FACTUAL ALLEGATIONS

8. Allan Bigelow, president of Bigelow Corp, was interested in HTU's franchise business model that involves owning and operating doggie daycares. Mr. Bigelow contacted HTU about opening a franchise location in North Carolina.

9. During the franchise information disclosure phase, Mr. Bigelow conveyed to several members of HTU's management team, including Mike Gould, HTU's owner, that neither he or wife, Sarah Bigelow, vice president of Bigelow Corp., did not have any construction experience, generally, and franchise location construction experience, specifically.

10. Mr. Gould advised Mr. Bigelow of HTU's buildout process, whereby a franchisor has two options for constructing a franchise: serve as their own project manager or hire a private contractor.

11. Mr. Gould identified Edward Bharath ("Bharath"), owner of Maruthi Enterprise, LLC, as HTU's construction manager.

12. At all relevant times, Mr. Gould held Bharath out as HTU's construction manager, a key member of HTU's management team, and authorized to act on HTU's behalf.

13. Mr. Gould strongly advised Mr. Bigelow that the use of HTU's construction manager as Mr. Bigelow's contractor was an exceptional ideal due to Mr. Bigelow's complete lack of construction experience.

14. Further, Mr. Gould repeatedly gave assurances that he and his management team will guide Mr. Bigelow through the buildout process and will doing everything necessary to ensure that Plaintiffs would have a successful opening.

15. Plaintiffs, in reliance on Mr. Gould's representations, executed a Franchise Agreement ("Agreement") with HTU on May 29, 2020.

**16.** Shortly after execution of the Agreement, HTU presented Mr. Bigelow with its Buildout Manual ("Manual").

**17.** The Manual affirmed Mr. Gould's representations concerning a franchisor's buildout options and using HTU's construction manager as a contractor.

**18.** On or about January 25, 2021, Mr. Gould conducted a site visit at 2613 Hayes Road, Monroe, NC 28110 ("Franchise Location") with Plaintiffs to approve the proposed Franchise Location.

**19.** During the visit, Mr. Gould counseled Plaintiffs to use Bharath as their contractor.

**20.** Specifically, Mr. Gould advised Plaintiffs that, "If I was a franchisee, I would hire Ed [Bharath] and take a hands-off approach, and, on opening day, Ed [Bharath] hands me the keys to a brand-new franchise building."

**21.** In response, Mr. Bigelow stated, "That is what we are looking for." Mr. Gould's response was, "Then Ed [Bharath] is your guy."

**22.** On or about February 20, 2021, Plaintiffs executed a construction contract with Bharath to buildout the Franchise Location.

**23.** Plaintiffs learned, contemporaneous with the execution of the Bharath construction contract, that Bharath was not a licensed North Carolina contractor and Bharath would need to hire a licensed North Carolina contractor to perform the work while Bharath managed the project.

**24.** At all relevant times, HTU's management team and Mr. Gould knew that Bharath was not authorized to be a construction contractor in North Carolina.

**25.** On or about March 29, 2021, HTU's management team inexplicably advised Mr. Bigelow that Mike Nagle was hired as their "construction coordinator", without providing any information as to why Mr. Nagle was hired. Plaintiffs believe, upon information and belief, that this was done to mitigate the severe mismanagement and contractor issues caused by Bharath.

**26.** On or about April 5, 2021, Mr. Bigelow contacted Mr. Gould after Mr. Bigelow received an email from Bharath whereby Bharath notified Mr. Bigelow that he was no longer HTU's construction manager. Mr. Gould advised Mr. Bigelow that Bharath "wanted to do his own thing" but there were no issues between HTU and Bharath.

**27.** Further, Mr. Gould told Plaintiffs that it "could not go wrong with Ed [Bharath]".

**28.** From on or about March 29, 2021, to on or about July 1, 2021, Plaintiffs had myriad, critical construction issues with Bharath, including but not limited to: **(1)** obtaining proper permits from Union County; **(2)** repeated permit denials due to Bharath not being in compliance with county building codes and regulations; **(3)** fraudulent, falsified contractor bids; **(4)** cost overruns; **(5)** fraudulent overpricing; **(6)** excessive and unexplained construction delays; **(7)** cost overruns; **(8)** overpayment for materials and broken promises for reimbursement; and (9) professional incompetence.

**29.** Mr. Bigelow appealed to HTU's management team and Mr. Gould to intervene with resolving the issues with Bharath, to no avail.

**30.** On or about May 13, 2021, Plaintiffs notified Mr. Gould that, due to the issues with Bharath, they wanted to cancel the Agreement. Mr. Gould's response was that he will contact them about an exit strategy. Plaintiffs were never contacted by about said exit strategy.

**31.** On or about May 21, 2021, Plaintiffs signed a construction contract directly with Shaheid Hasan, Chief Executive Officer of Elevate Design and Build, LLC ("Elevate"). Mr. Hasan is the North Carolina licensed contractor retained by Bharath to perform the buildout construction.

**32.** At all relevant times HTU's management team and Mr. Gould knew that Elevate was retained by Bharath to perform the buildout construction.

**33.** Elevate breached its contract with Plaintiffs by committing the following actions: (1) not completing the construction buildout by the contracted due date; (2) construction incompetency; (3) failure to schedule and pass building inspections with Union County Building Code Enforcement; and (4) failure to obtain a certificate of occupancy by the contracted due date.

**34.** Consequently, Plaintiffs terminated their contract with Elevate on May 27, 2022, for the above-stated reasons.

**35.** Sometime in June of 2021, the Plaintiffs learned that, upon information and belief, beginning in the first quarter of 2021, HTU has instituted the following remediation efforts to streamline the buildout process: (1) stopped offering Bharath's services; (2) retained Bannon Construction ("Bannon") to perform franchise construction buildouts; and (3) hired a real estate team to assist in the site selection process.

**36.** Mr. Bigelow, due to a severe lack of progress with the construction buildout, contacted a member of HTU's management team to request using Bannon to finish the construction buildout. Mr. Bigelow's request was denied.

**37.** On or about August 13, 2021, the Plaintiffs became aware that Jamie Enders, franchisee located in Henderson, Nevada, had similar issues with Bharath. Plaintiffs contacted Mr. Enders about his experience with Bharath.

**38.** Mr. Enders noted that, upon the recommendation of Mr. Gould, he hired Bharath as his contractor in March of 2020 and had grave issues with Bharath immediately.

**39.** According to Mr. Enders, Bharath caused substantial issues related to fraud, cost overruns, and the construction buildout process that almost led to Mr. Enders suing HTU.

**40.** Upon information and belief, Plaintiffs have learned that there are at least three other North Carolina franchisees who, upon Mr. Gould's recommendation, hired Bharath as their construction manager and had or are currently suffering significant construction and financial issues as well under Bharath.

**41.** Plaintiffs suffered significant delays and financial losses in opening the franchise location due to HTU, Elevate, and Bharath's actions. Consequently, Plaintiffs were not able to open the Franchise Location until over two years after the Plaintiffs executed the Agreement.

**42.** On or about October 18, 2022, HTU terminated the Agreement with Plaintiffs.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT- EXPRESS, IMPLIED, OR, IN THE ALTERNATIVE, QUANTUM MERUIT
## (ALL DEFENDANTS)

**43.** The allegations set forth in Paragraphs 1 through 42 are realleged and incorporated by reference as if fully set forth herein.

**44.** Plaintiffs and Defendants entered into a valid and legally enforceable contracts.

**45.** Plaintiffs fully performed under the respective contracts.

**46.** Defendants breached their respective contracts by failing to perform their obligations related to the construction buildout of the Franchise Location.

**47.** Plaintiffs suffered damages because of Defendants' breach.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
## (ALL DEFENDANTS)

**48.** The allegations set forth in Paragraphs 1 through 47 are realleged and incorporated by reference as if fully set forth herein.

**49.** Defendants benefitted from their respective contracts by receiving payments under said contracts.

**50.** It would be inequitable for Defendants to enjoy the benefit of retaining Plaintiffs' funds while Plaintiffs did not get what it bargained for under said contracts.

## THIRD CLAIM FOR RELIEF
## PUNITIVE DAMAGES
## (DEFENDANT HTU)

**51.** The allegations set forth in Paragraphs 1 through 50 are realleged and incorporated by reference as if fully set forth herein.

**52.** HTU has engaged in a pattern of systematically reaping improper and illicit profits from North Carolina business owners, including Plaintiffs. Such conduct on the part of HTU was willful and knowing.

**53.** Plaintiffs are entitled to recover punitive damages from HTU on account of HTU's unscrupulous, overreaching willful, and deceptive misconduct.

## FOURTH CLAIM FOR RELIEF
### UNFAIR AND DECEPTIVE TRADE PRACTICES
### (DEFENDANT HTU)

**54.** The allegations set forth in Paragraphs 1 through 53 are realleged and incorporated by reference as if fully set forth herein.

**55.** At all times relevant, HTU was engaged in commerce in the state of North Carolina.

**56.** HTU's above-described errors, omissions, misrepresentations, and breaches adversely affect commerce in the state of North Carolina.

**57.** HTU's above-described errors, omissions, misrepresentations, and breaches constitute unfair and deceptive trade practices affecting commerce and offending public policy.

**58.** HTU's above-described errors, omissions, misrepresentations, and breaches constitute unfair trade practices under N C. Gen. Stat. § 75-1.1 *et seq*.

**59.** As a direct result of HTU's above-described errors, omissions, misrepresentations, and breaches, Plaintiffs have been damaged for $600,000 and are entitled to recover at least that amount.

**60.** Plaintiffs are further entitled to have the damages trebled pursuant to N.C. Gen. Stat. § 75-16.

**61.** Plaintiffs are also entitled to an award of attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 to be paid for and secured by HTU.

## FIFTH CLAIM FOR RELIEF
### PIERCING THE CORPORATE VEIL, ALTER EGO, AND MERE INSTRUMENTALITY
### (DEFENDANT HTU)

**62.** The allegations set forth in Paragraphs 1 through 61 are realleged and incorporated by reference as if fully set forth herein.

**63.** Plaintiffs are informed and believe and therefore allege that HTU and Mr. Gould have an agreement, express or implied, to carry out a single business venture with some mechanism of sharing of the profits, and have, for all intents and purposes, an equal right of control of the means employed to carry out the venture.

**64.** Plaintiffs are informed and believe and therefore allege that HTU and Mr. Gould have no separate mind, will or existence of their own, but rather exist and operate as mere alter ego of each other under the name Hounds Town USA, LLC.

**65.** HTU and Mr. Gould used such control and domination in the performance of the wrongs perpetrated against Plaintiffs and the violations of duties, regulations and Statutes as stated herein and to be proven at trial. These wrongs and breaches of duty were the proximate causes of the injuries to Plaintiffs herein.

**66.** HTU and Mr. Gould used the corporate form as a mere shield for its activities in violation of duties, regulations and statutes as stated herein and to be proven at trial.

**67.** HTU's corporate veil should be disregarded, and Mr. Gould should be held personally responsible for any judgment rendered against HTU.

## SIXTH CLAIM FOR RELIEF
### FRAUD
### (DEFENDANT HTU)

**68.** The allegations set forth in Paragraphs 1 through 67 are realleged and incorporated by reference as if fully set forth herein.

**69.** HTU falsely and fraudulently made representations of material fact by holding Bharath out as HTU's construction manager and advising Plaintiffs that Bharath was a competent, capable, and highly skilled construction manager and contractor.

**70.** HTU concealed the fact that it had knowledge of Bharath's major failings in providing construction services to other franchisees prior to Plaintiffs executing the Agreement as evidenced by Mr. Enders complaints to Mr. Gould.

**71.** HTU's false and fraudulent representations were calculated and intended to induce Plaintiffs to execute the Agreement.

**72.** Plaintiffs were deceived by HTU's false and fraudulent misrepresentations and executed the Agreement.

**73.** Plaintiffs reasonably relied upon HTU's false and fraudulent representations to its detriment for $600000.

74. Upon information and belief, HTU and Bharath conspired, collaborated, and acted in concert to defraud Plaintiffs as set forth above.

75. As a direct and proximate cause of HTU's fraudulent misconduct, Plaintiffs suffered damages in an amount to be determined by a jury, but at least equal to $600,000.

76. Upon information and belief, HTU's conduct was fraudulent, willful, wanton, and malicious.

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENT MISREPRESENTATION
## (DEFENDANT HTU)

77. The allegations set forth in Paragraphs 1 through 76 are realleged and incorporated by reference as if fully set forth herein.

78. HTU supplied information to Plaintiffs concerning the competency of Bharath as a construction manager and contractor.

79. HTU intended for the Plaintiffs to rely on that information.

80. The information, based upon information and belief, was false.

81. HTU failed to use reasonable care or competence in obtaining or communicating the information.

82. Plaintiffs relied on the information by executing the Agreement.

83. The reliance caused severe financial damage to Plaintiffs.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENCE
## (DEFENDANT HTU)

84. The allegations set forth in Paragraphs 1 through 83 are realleged and incorporated by reference as if fully set forth herein.

85. HTU was under a contractual duty to exercise reasonable care in conducting its business with Plaintiffs.

86. HTU knew or should have known that Bharath lacked the skill, competence, and expertise to serve as a construction manager and contractor to Plaintiffs and that Plaintiffs would likely be seriously injured financially if HTU did not exercise

reasonable care in making sure that Bharath had the skills, competence, and expertise in completing franchise construction buildouts.

87. HTU was negligent and breached its duty of care owed to Plaintiffs in advising Plaintiffs to retain Bharath as its contractor.

88. As a direct and proximate result of HTU's negligence, Plaintiffs suffered severe financial injury and has been damaged for more than $10,000.

## NINTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (DEFENDANT HTU)

89. The allegations set forth in Paragraphs 1 through 88 are realleged and incorporated by reference as if fully set forth herein.

90. HTU engaged in negligent conduct by advising Plaintiff Sarah Bigelow that Bharath was competent, capable, and highly skilled construction manager and contractor.

91. Plaintiff Sarah Bigelow reasonably relied on HTU's representations concerning Bharath and executed the Agreement and a separate contract with Bharath.

92. It was reasonably foreseeable that Bharath's incompetence would cause Plaintiff Sarah Bigelow severe financial injury.

93. HTU's conduct did, in fact, cause Plaintiff Sarah Bigelow severe emotional distress to the point that she is receiving ongoing mental health treatment from a licensed therapist.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

1. Enter judgment for Plaintiffs against Defendant HTU, for:

    a. Compensatory damages for more than $25,000.

    b. Costs and reasonable attorney fees pursuant to N.C. Gen. Stat. §§ 75-16.1 and 20-348.

    c. Treble damages pursuant to N.C. Gen. Stat. §§ 75-16 and 20-348; and

      **d.**    Punitive damages for more than $10,000.00 pursuant to N.C. Gen. Stat. § 1D-1 et seq.

      **e.**    Interest accruing from May 29, 2020, at the rate of 8% per annum.

**2.**    Enter judgment for Plaintiffs against Defendant Elevate for:

      **a.**    Compensatory damages for more than $25,000.

      **b.**    Cost and reasonable attorney fees.

      **c.**    Interest accruing from May 29, 2020, at the rate of 8% per annum.

**3.**    That all issues of fact be tried to a jury.

**4.**    That the interest and costs of this be taxed to Defendants; and

**5.**    It recovers any further relief that the Court deems appropriate.

This the 23rd day of March 2023.

Respectfully Submitted,

Jackson Williford<br>
N.C. State Bar No. 51796<br>
Attorney for Plaintiffs<br>
**Williford Law**<br>
15720 Brixham Hill Avenue, Suite 300<br>
Charlotte, NC 28277<br>
Tel. 704-656-0016<br>
Fax 704-626-6197<br>
Jackson@jawillifordlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Amended Complaint was served upon all parties in the above-entitled action via CM/ECF filing, which will send notification of such filing to the following:

Jason B. James,
Adam R. deNobriga,
**James deNobriga, PLLC**
1712 Euclid Ave.
Charlotte, NC 28202
jason@jdlawcarolinas.com
adam@jdlawcarolinas.com
Attorneys for HTU

Additionally, because, upon information and belief, Defendant Elevate has not yet registered for CM/ECF, the undersigned hereby certifies that a true and correct copy of the foregoing Amended Complaint was served upon the following by U.S. Mail:

Mr. Shaheid Hasan
**Elevate Design and Build, LLC**
1013 W Chapel Hill Street
Durham, NC 27701

_____
Jackson Williford